IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELINDA S. NEWTON,

      Plaintiff,

vs.

LEA REGIONAL HOSPITAL, L.L.C.,
and TIMOTHY N. THORNELL,

      Defendants.

No. 2:14-cv-00005-PJK/SMV

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND

THIS MATTER comes on for consideration of Plaintiff's Opposed Motion to Remand filed January 24, 2014 (Doc. 8). Upon consideration thereof, the motion will be granted but on different grounds than those initially urged by Plaintiff. Attorneys fees, costs, and expenses are denied.

On November 20, 2013, Plaintiff Melinda S. Newton filed suit against Defendants Lea Regional Hospital, L.L.C., and Timothy N. Thornell in state court alleging discrimination, harassment, and retaliation in violation of state and federal law. Doc. 1, Attach. 2 at 1, 10. On January 9, 2014, the case was removed to federal court by Defendants based upon federal question jurisdiction. Doc. 1, 3. Shortly thereafter, Plaintiff amended her complaint by adding some state law claims but removing all federal

claims. Doc. 7, at 1, 10-11. Plaintiff now brings this motion seeking remand to state district court.

Plaintiff argues this court lacks subject matter jurisdiction because no federal questions remain and the parties lack diversity, relying on 28 U.S.C. §§ 1332 and 1447(c). Doc. 8 at 3. Plaintiff is incorrect on the jurisdictional point. Because the court had jurisdiction upon removal, it also has supplemental jurisdiction over the state law claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009). Defendants correctly recognize that this court could exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(a). They urge the court to do so because they have incurred the costs of removal and filing a motion to dismiss and that the Plaintiff is engaged in forum manipulation. They also argue that factors of judicial economy, convenience, fairness, and comity favor the exercise of supplemental jurisdiction as do the statutory factors. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); 28 U.S.C. § 1367(c). The court has carefully considered the arguments against a backdrop of the § 1367(c) factors; however, the general rule is that when the federal claims have been dismissed, a district court should normally decline to exercise jurisdiction over the state law claims. Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, Plaintiff has dropped the federal claims and probably will forfeit them by not raising them. The court will exercise its discretion and remand the case to state court. See Carnation Bldg. Servs., Inc. v. City & Cnty. of Denver, No. 11-cv-00703, 2012 WL 4899032, at *1-2 (D. Colo. Oct. 16, 2012) (noting that a court also has

-2-

discretion to dismiss or remand claims over which it declines to exercise supplemental jurisdiction).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Plaintiff's Opposed Motion to Remand filed January 24, 2014 (Doc. 8) is granted;

(2) Plaintiff's request for attorney's fees, costs, and expenses is denied;

(3) Defendants' request for attorney's fees and costs is denied;

(4) The case is remanded to the Fifth Judicial District Court, State of New Mexico.

DATED this 21st day of February 2014, at Santa Fe, New Mexico.

*Paul Kelly J.*
United States Circuit Judge
Sitting by Designation

Counsel:

Brett Duke, Brett Duke, P.C., El Paso, Texas, for Plaintiff.

Clara B. Burns & Gilbert L. Sanchez, Kemp Smith LLP, El Paso, Texas, for Defendants.